Michael Hawes and Lisa Hawes,

        Plaintiffs,         Civ. No. 09-365 (RHK/AJB)
                                    **ORDER**

v.

Blast-Tek, Inc. d/b/a Warehouse Rentals,
Quick Tanks, Inc., McCoy Investments Inc.
d/b/a Forecast Sales,

        Defendants,

and

Blast-Tek, Inc. d/b/a Warehouse Rentals,

        Defendant and
        Third-Party Plaintiff,

v.

Coating Specialties, LLC,

        Third-Party Defendant.

Robert J. Schmitz, James S. Ballentine, Schwebel, Goetz & Sieben, PA, Minneapolis, Minnesota, for Plaintiffs.

Bruce P. Candlin, John G. Ness & Associates, Saint Paul, Minnesota, for Defendant Quick Tanks, Inc.

Michelle D. Hurley, Yost & Baill, LLP, Minneapolis, Minnesota, for Defendant McCoy Investments, Inc. d/b/a Forecast Sales.

Brian A. Wood, Jeffrey A. Muszynski, Lind, Jensen, Sullivan & Peterson, PA, Minneapolis, Minnesota, for Defendant/Third-Party Plaintiff Blast-Tek, Inc. d/b/a Warehouse Rentals.

In this action, Plaintiff Michael Hawes alleges that he was injured on September 15, 2008, when he attempted to open a bulk abrasive sandblaster, believing it to be depressurized, and it "exploded." Asserting various negligence, warranty, and product-liability theories, Hawes[1] later sued three defendants: Quick Tanks, Inc. ("Quick Tanks"), which (according to Hawes) manufactured the pressure vessel – the tank – of the sandblaster; McCoy Investments, Inc. d/b/a Forecast Sales ("Forecast"), which (according to Hawes) purchased the tank from Quick Tanks and re-sold it to be integrated into a finished sandblaster; and Blast-Tek, Inc. d/b/a Warehouse Rentals ("Blast-Tek"), which (according to Hawes) obtained the tank from Forecast, combined it with other components into a finished sandblaster, and then leased the sandblaster to Coating Specialties, Inc. ("Coating Specialties"), Hawes's employer. Blast-Tek answered Hawes's claims and impleaded Coating Specialties; Coating Specialties, Quick Tanks, and Forecast all filed cross-claims against one another, as well as against Blast-Tek. Notably, however, Blast-Tek did *not* file cross-claims against Quick Tanks or Forecast.[2]

Following discovery, Quick Tanks and Forecast moved for summary judgment on Hawes's claims against them. They asserted that as a manufacturer and wholesale supplier, respectively, of component parts of the sandblaster, they cannot be liable to Hawes under Minnesota tort law.

---

[1] Michael Hawes's wife, Lisa, also is named as a Plaintiff. Because her claims are derivative of Michael's, for ease of reference the Court refers to Plaintiffs as "Hawes."

[2] To borrow from Jarrett v. Green, this "simple tort case" resembles "a hydra-headed monster under modern rules of pleading, complete with counterclaims, cross-claims, indemnity claims, [and] claims against third-party defendants." 320 F. Supp. 1132, 1133 (N.D. Ga. 1970).

For his part, Hawes agrees that Quick Tanks and Forecast are entitled to the relief they seek. He avers that, "[a]fter discovery, it is apparent that Blast-Tek manufactured the [sandblaster] when it purchased the [tank] and fitted [it] with numerous other smaller components." (Pl. Mem. at 3.) Hence, "under the facts (showing that Blast-Tek is the [sandblaster] manufacturer) and product liability law, component part manufacturers (Quick Tanks and Forecast) are not liable for [Hawes's] injuries." (Id. at 3-4.) Accordingly, Hawes "cannot in good faith argue that Forecast and Quick Tanks should be kept in the case." (Id. at 14.)

In the normal course, that would be the end of the matter, and the pending Motions would be granted. As is often the case, however, things are not always as easy as they seem. The complicating fact here is that *Blast-Tek* – Quick Tanks' and Forecast's co-Defendant – has filed a Memorandum opposing the pending Motions. Although rare, the situation is not unprecedented, as the cases below attest. The question is whether the Court should consider Blast-Tek's arguments. That is, can Blast-Tek prevent the dismissal of Hawes's claims against its co-Defendants, when Hawes himself agrees that those claims should be dismissed?

In the Court's view, this question must be answered in the negative. Hawes is the master of his claims. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). He has concluded, based on the evidence adduced in discovery, that he lacks a good-faith basis to continue to press his claims against the moving Defendants. The Court does not believe that Blast-Tek can force Hawes to maintain those claims – in possible violation of Federal Rule of Civil Procedure 11 – simply because it does not like the outcome if

Quick Tanks and Forecast are dismissed: any liability on Hawes's claims will be assessed against Blast-Tek alone, rather than against Blast-Tek, Quick Tanks, and Forecast. The mere fact that Hawes included Blast-Tek as a Defendant does not give it a "vested interest in the presence of [Quick Tanks or Forecast] as a co-party." Plasterer v. Hahn, 103 F.R.D. 184, 185-86 (M.D. Pa. 1984) (citation omitted); see also C.F. Bean Corp. v. Clayton Indus., Inc., Civ. A. No. 95-161, 1996 WL 470644, at *1 (E.D. La. Aug. 19, 1996) (defendant lacks standing to oppose co-defendant's summary-judgment motion); Jarrett v. Green, 320 F. Supp. 1132, 1134 (N.D. Ga. 1970) (court "entertain[ed] some doubt whether one co-defendant has standing to object to a motion for summary judgment filed by another co-defendant").

The situation is analogous to that in Blonder v. Casco Inn Residential Care, Inc., No. Civ. 99-274, 2000 WL 761895 (D. Me. May 4, 2000). There, the plaintiff had sued several defendants for injuries she sustained in a fire while a resident at a long-term-care facility. Some, but not all, of the defendants moved for summary judgment. The plaintiff filed a response indicating that she did not object to the motion because she had "concluded, after the completion of discovery, that the [moving] Defendants . . . [we]re entitled to summary judgment." Id. at *1. Nevertheless, two non-moving defendants filed a memorandum opposing the motion. The Blonder court refused to consider their arguments:

> The objection by Defendants The Casco Inn Residential Care, Inc. and Linda Symonds to the Motion, coupled with the absence of objection to the Motion by Plaintiff, raises an interesting procedural question. In the absence of cross-claims, and in the absence of objection from the plaintiff, may one codefendant be the sole, successful, opposition to another

- 4 -

> codefendant's motion for summary judgment? The Court has been unable to unearth any authority that decides the point. Moreover, Defendants The Casco Inn Residential Care, Inc., and Linda Symonds have failed to provide the Court with any authority for the proposition that they may oppose the Motion by their Codefendants. In the absence of authority, the Court falls back on the principles underlying Rule 56. Specifically, the Court notes that Rule 56 is intended to avoid trial when appropriate and to bring about summary justice whenever legally proper. *Requiring Plaintiff to prosecute her claims against Defendants Casco Inn Associates, Timothy H. Symonds, and Gary W. Symonds when she no longer believes such claims to be viable would be contrary to the principle of Rule 56 that trials (or portions thereof) should be avoided when appropriate. Requiring Defendants Casco Inn Associates, Timothy H. Symonds, and Gary W. Symonds to endure such a trial would be contrary to the principle of Rule 56 that the Court should bring about summary justice whenever legally proper.* Accordingly, the Court will disregard the Response by Defendants The Casco Inn Residential Care, Inc. and Linda Symonds objecting to the Motion.

Id. (emphasis added). Several courts have adopted Blonder's reasoning, see, e.g., Eckert v. City of Sacramento, No. 2:07-cv-825, 2009 WL 3211278, at *3 (E.D. Cal. Sept. 30, 2009); Fraioli v. Lemcke, 328 F. Supp. 2d 250, 263 n.4 (D.R.I. 2004); Vancil Contracting, Inc. v. Tres Amigos Props., LLC (In re Vancil Contracting, Inc.), No. 07-7044, 2008 WL 746969, at *3 (Bankr. C.D. Ill. Mar. 19, 2008),[3] and the Court finds it persuasive.

In the Court's view, the present situation is no different than if Hawes had stipulated to the dismissal of Quick Tanks and Forecast under Federal Rule of Civil Procedure 41; or had moved to amend his Complaint to drop his claims against these Defendants under Rule 15; or had requested that they be dropped as Defendants under Rule 21. In the absence of cross-claims by Blast-Tek against Quick Tanks or Forecast,

---

[3] But see Weseman-Roth v. Conversion Solutions, LLC, Civ. No. 06-1185, 2007 WL 656263, at *1 n.3 (D. Minn. Feb. 28, 2007) (Doty, J., adopting unobjected Report & Recommendation of Graham, M.J.); White v. Sabatino, 415 F. Supp. 2d 1163, 1172 (D. Haw. 2006).

no basis would exist to deny such relief under any of these Rules. See, e.g., N. Forest Dev., LLC v. Walden Ave. Realty Assocs., LLC, No. 06-CV-378A, 2008 WL 5245329, at *2-3 (W.D.N.Y. Dec. 16, 2008); SmithKline Beecham Corp. v. Pentech Pharms., Inc., 261 F. Supp. 2d 1002, 1006 (N.D. Ill. 2003) (Posner, J., sitting by designation); Protocomm Corp. v. Novell, Inc., 171 F. Supp. 2d 459, 470-71 (E.D. Pa. 2001); S. Elec. Generating Co. v. Allen Bradley Co., 30 F.R.D. 135, 136 (S.D.N.Y. 1962). Blast-Tek's opposition is borne out of its concern that a jury will be unable to apportion liability between it and its co-Defendants, but that concern appears to be somewhat illusory, since it has not cross-claimed against them. In fact, the docket reveals that Blast-Tek has not even answered Quick Tanks' or Forecast's indemnity/contribution cross-claims against it, implicitly suggesting that it is not entitled to an apportionment of liability. The Court, therefore, perceives no prejudice that would result from the dismissal of Hawes's claims against Quick Tanks and Forecast.[4]

---

[4] Shortly before this Order was filed, Blast-Tek filed an untimely Motion to amend the pleadings to assert cross-claims against Quick Tanks and Forecast. (See Doc. No. 64.) Notably, amendments to the pleadings were due to be filed by November 1, 2009, *approximately eight months ago*. (See Doc. No. 37 at 2.) Regardless, the Court concludes that this Motion does not alter its analysis, as it continues to adhere to the view that, as master of his Complaint, Hawes can drop his claims against Quick Tanks and Forecast over Blast-Tek's objections, notwithstanding any cross-claims that Blast-Tek might later file. See Plasterer, 103 F.R.D. at 186 ("Even if the objecting defendants had already served a cross-claim for contribution on the moving defendants, *the moving defendants would have been entitled to have the plaintiffs' [claims] against them dismissed* and they would remain in the case only as third party defendants.") (emphasis added) (quoting Broadway & Ninety-Sixth St. Realty Corp. v. Loew's, Inc., 23 F.R.D. 9, 12 (S.D.N.Y. 1958)). Nor does the Court perceive any prejudice to Blast-Tek from granting the Motions. Indeed, Blast-Tek acknowledges in its Motion to Amend that even if Hawes's claims against Quick Tanks and Forecast are dismissed, it would "still retain[] its ability to bring a [separate] contribution claim against both Defendants." (Doc. No. 66 at 6.)

For all of these reasons, the Court concludes that Quick Tanks' and Forecast's Motions for Summary Judgment should be granted. The Court pauses to address one final matter, however. In his Response to the pending Motions, Hawes requested that the Court find "as a matter of law and fact" that Blast-Tek manufactured the sandblaster in question. (Pl. Mem. at 12.) The Court declines Hawes's invitation, as this issue is not squarely before the Court at this juncture.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS ORDERED** that Forecast's Motion for Summary Judgment (Doc. No. 38) and Quick Tanks' Motion for Summary Judgment (Doc. No. 41) are **GRANTED,** and Plaintiffs' claims against Quick Tanks and Forecast are **DISMISSED WITH PREJUDICE**.[5]

Dated: July 2, 2010

                                                                               s/Richard H. Kyle
                                                                               RICHARD H. KYLE
                                                                                United States District Judge

---

[5] Having reviewed the parties' submissions, the Court concludes that oral argument would not materially assist its resolution of the pending Motions. Accordingly, the hearing on the Motions, currently scheduled for July 12, 2010, is **CANCELED**.